```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JO-ANN D. RIPKA,

                        Plaintiff,

        -v-                                             5:14-CV-1442

SAFECO INSURANCE, also known as
Peerless Insurance Company,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                            OF COUNSEL:

OFFICE OF DAVID P. ANTONUCCI                            DAVID P. ANTONUCCI, ESQ.
Attorneys for Plaintiff
12 Public Square
Bonadio Building
Watertown, NY 13601

JAFFE, ASHER LAW FIRM                                   MARSHALL T. POTASHNER, ESQ.
Attorneys for Defendants
600 Third Avenue, 9th Floor
New York, NY 10016


DAVID N. HURD
United States District Judge
```

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

Plaintiff Jo-Ann Ripka ("Ripka" or "plaintiff") filed this action in New York State Supreme Court, Oswego County, seeking to recover damages from the alleged breach of a homeowner's insurance policy issued by defendant Peerless Insurance Company ("Peerless"). Defendant timely removed the case to federal court and now moves for partial

dismissal of plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.

## II. BACKGROUND

The following factual allegations are assumed true for purposes of this motion. Ripka, a resident of Pulaski, New York, purchased a homeowner's insurance policy from Peerless, a New Hampshire corporation based in Boston, Massachusetts.[1] Compl. ¶¶ 4-5; Def.'s Notice of Removal ¶¶ 7-8; see also Compl., Ex. A, ECF No. 9-1 (the "Homeowner's Policy").

In April 2012, a plumbing leak caused substantial damage to Ripka's home and its contents. Compl. ¶ 12. Although plaintiff duly reported the damage in accordance with the Homeowner's Policy, Peerless initially failed to dispatch any representatives to inspect the damage. Id. ¶¶ 13-16. Eventually, at plaintiff's repeated urging, Peerless sent a contractor to "inspect only limited physical damages to the real property." Id. ¶ 16.

Ripka claims that, in her repeated conversations with Peerless's representatives, each uniformly "claimed the damages were within the scope of coverage and [assured plaintiff she] would be promptly compensated." Compl. ¶ 17. However, Peerless allegedly engaged in a series of delaying tactics—continually asking for the same information, switching adjustors without notice, refusing to communicate with plaintiff for long stretches of time, and refusing to inspect the premises—before ultimately failing to "pay the claim in full or tender interest for the unsubstantiated delays in payment." See id. ¶ 18.

---

[1] Ripka's complaint seems to treat Safeco and Peerless as interchangeable entities, but Peerless's submissions indicate they are in fact separate insurance companies. See Notice of Removal, ECF No. 1, ¶¶ 7-8; Def.'s Mem., ECF No. 13-4, 8 n.1. Neither party has indicated what, if any, bearing this ambiguity may have on plaintiff's claims.

- 2 -

### III. **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" (FED. R. CIV. P. 8(A)(2)), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims. See Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face"). When considering a motion to dismiss, the pleading is to be construed liberally, all factual allegations are deemed to be true, and all reasonable inferences must be drawn in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

### IV. **DISCUSSION**

Ripka's complaint is hardly a model of clarity. Although the document's capitalized subheadings suggest she seeks to assert only two causes of action, a careful review of the complaint reveals that she has attempted to enumerate quite a few more. All told, plaintiff appears to allege: (1) a series of violations of 11 N.Y.C.R.R. § 216 (Compl. ¶¶ 19-34); (2) a breach of the covenant of good faith and fair dealing implicit in the Homeowner's Policy (Compl. ¶¶ 35-36); (3) a breach of the express terms of the Homeowner's Policy (Compl. ¶¶ 39-42); and (4) a violation of N.Y. Gen. Bus. Law § 349 (Compl. ¶¶ 3, 51-60).

Peerless, for its part, has moved to dismiss Ripka's: (1) claims for relief pursuant to 11 N.Y.C.R.R. § 216, arguing New York does not recognize a private right of action under those regulations; (2) claim pursuant to N.Y. Gen. Bus. Law § 349, arguing plaintiff has failed to state a claim under this statute; and (3) claims for recovery of consequential and punitive damages. In other words, Peerless aims to limit the dispute in this case to a relatively straightforward breach of contract claim.

### A. 11 N.Y.C.R.R. § 216

First, insofar as Ripka's complaint purports to assert any claims for relief under various provisions of 11 N.Y.C.R.R. § 216, Peerless is correct—these claims must be dismissed because the regulations in question, which implement a provision of New York State's Insurance Law, do not give rise to any private causes of action. See, e.g., De Marinis v. Tower Ins. Co., 6 A.D.3d 484, 486 (N.Y. App. Div. 2d Dep't 2004) ("It is well settled that no private cause of action exists for a violation of [New York] Insurance Law § 2601 or for an alleged violation of part 216 of the Insurance Regulations."); see also Cohen v. Transp. Ins. Co., No. 1:10-CV-0743 (GTS/RFT), 2011 WL 3650284, at *7 & n. 6 (N.D.N.Y. Aug. 18, 2011) (Suddaby, J.) (concluding same and collecting cases).

In any event, Ripka appears to have abandoned any claims under these regulations in her own opposition memorandum. For instance, she rather confusingly claims that "the Plaintiff misconstrues allegations in support of the breach of contract claim and other statutory violations as a separate cause of action; which they are not." Pl.'s Mem. Opp'n,

ECF No. 16, 6 (emphasis added).² Accordingly, Peerless's motion with respect to these claims will be granted.

### B. N.Y. Gen. Bus. Law § 349

Ripka's claim seeking relief pursuant to § 349 of New York's General Business Law must also be dismissed.³ "New York law declares unlawful '[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state.'" PB Americas Inc. v. Cont'l Cas. Co., 690 F. Supp. 2d 242, 251 (S.D.N.Y. 2010) (quoting N.Y. Gen. Bus. Law § 349).

"To state a cause of action under § 349, a plaintiff must assert (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." PB Americas Inc., 690 F. Supp. 2d at 251 (citations and internal quotation marks omitted). Importantly, however, "[t]he focus of § 349 cases is whether the alleged deceptive practice was 'consumer oriented.'" Id. And in Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, "the New York Court of Appeals expanded on the consumer oriented focus [of this provision] by stating that [p]rivate contract disputes unique to the parties . . . would not fall within the ambit of the statute." Id. (citation and internal quotation marks omitted).

In other words, a defendant cannot be held liable pursuant to § 349 where "the disputed private transaction does not have ramifications for the public at large." PB

---

² Pagination corresponds to that assigned by CM/ECF.

³ Ripka actually purports to bring this claim under § 349 of New York's General Obligations Law. See Compl. ¶ 3 (emphasis added). However, given the non-existent nature of that provision, as well as the fact that plaintiff's claim relates to Peerless's allegedly unfair and deceptive business practices, this cause of action will be evaluated under the appropriate provision of New York's General Business Law. See Compl. ¶¶ 51-60 (emphasis added).

- 5 -

Americas Inc., 690 F. Supp. 2d. at 252 (quoting Exxonmobil Inter-Am., Inc. v. Advanced Info. Eng'g Servs., 328 F. Supp. 2d 443, 449 (S.D.N.Y. 2004)).

Ripka's complaint includes some boilerplate language in which she attempts to cast her dispute with Peerless over its alleged failure to properly investigate and pay out a claim under her Homeowner's Policy as one that affects the public at large. For example, the complaint alleges Peerless's practices are "deceptive or misleading" because the company "fails to promptly and fairly settle its claims" and also delays and denies claims payments "without investigation." Compl. ¶¶ 53-55.

But looking beyond these conclusory allegations for some degree of factual support, it is clear that Ripka's claims are based on Peerless's actions toward her, not on any actions directed more generally toward the public at large. Plaintiff's complaint rather conclusorily alleges "members of the public at large have been harmed and [i]njured by Defendant's practices and policies as described in this complaint in that Defendant has unreasonably delayed the claim adjustment process of Plaintiff's claims, Defendant has unreasonably denied insurance coverage of the Plaintiff's claims, [d]emanded duplicative information, and irrelevant information in support of Plaintiff's [c]laims." Compl. ¶ 58 (emphases added).[4]

In sum, these are insufficient allegations of fact to suggest Peerless advertised, marketed, issued, adjusted, settled, or paid out claims under its homeowner's insurance policies in a way that might be misleading to the public generally; rather, this claim merely arises from Peerless's failure "to pay the Plaintiff's legitimate and reasonable claims in a timely fashion." Compl. ¶ 59. Courts in this Circuit have repeatedly held that these kinds of

---

[4] Ripka repeats substantially this same argument in her opposition memorandum. See, e.g., Pl.'s Mem. at 6 (arguing this claim is viable because "[d]efendant refused to even address the claim for months").

claims—arising from disputes between policy holders and their insurance companies over what is covered under the policy at issue—"are nothing more than private contractual disputes that lack the consumer impact necessary to state a claim pursuant to § 349." PB Americas, Inc., 690 F. Supp. 2d at 252 (collecting cases); see also Cohen, 2011 WL 3650284, at *4 (agreeing that § 349 "does not apply to private contractual disputes concerning insurance coverage that do not affect the public at large"). Accordingly, Peerless's motion with respect to this claim will be granted.

### C. Bad Faith & Consequential Damages

Peerless also argues Ripka has failed to state a cause of action warranting the imposition of consequential damages. "In addition to general contract damages—i.e., damages that flow from the natural and probable consequences of the breach—a plaintiff asserting a breach of contract claim may also recover 'special' or 'consequential' damages, which compensate for 'additional losses.'" East Coast Res., LLC v. Town of Hempstead, 707 F. Supp. 2d 401, 410 (E.D.N.Y. 2010) (citations omitted).

Under New York law, "consequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages 'were within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting.'" Panasia Estates, Inc. v. Hudson Ins. Co., 886 N.E.2d 135, 137 (N.Y. 2008) (quoting Bi-Econ. Mkt., Inc. v. Harleysville Ins. Co., 886 N.E. 2d 127, 130 (N.Y. 2008)). However, "unless a plaintiff alleges that the specific injury was of a type contemplated by the parties at the time of contracting, a claim for consequential damages should be dismissed." Cont'l Info. Sys. Corp. v. Fed. Ins. Co., 2003 WL 145561, at *4 (S.D.N.Y. Jan. 17, 2003) (collecting cases).

Ripka alleges that Peerless's failure to investigate and pay her claim in a timely and good faith manner resulted in various damages, including: (1) "the loss of the monetary amount due from Defendant from the full Value of the Plaintiff's property"; (2) "the value of certain personal property damages or destroyed during the loss or occurrence"; (3) "the monetary loss of the value and cost to fully clean and restore property damaged by the loss or occurrence"; (4) "various and consequential damages including distress, aggravation and inconvenience"; and (5) "living expenses for household and other expense as well." Compl. ¶¶ 43-45, 48-49. Plaintiff's complaint concludes with a generalized demand for $200,000. Id. ¶ 61.

Despite these allegations, Ripka has not identified any provision in the Homeowner's Policy suggesting any special damages would be available in the event of a breach, see Cont'l Info. Sys. Corp., 2003 WL 145561, at *4 (noting that New York courts take into consideration whether there existed a specific provision in the policy itself permitting recovery [of consequential damages] for the loss" and collecting cases), or alleged that any such damages were within the parties' contemplation at the time of contracting. Compare, e.g., Sikarevich Family L.P. v. Nationwide Mut. Ins. Co., 30 F. Supp. 3d 166, 173 (E.D.N.Y. 2014) (finding claim for consequential damages sufficiently pleaded where plaintiff alleged that a "loss of business income" resulting from defendant's failure to honor the insurance claim was "within the contemplation of the parties herein as the natural probable result of a breach" at the point when the parties renewed the contract); with Banco Popular N. Am. v. Lieberman, 75 A.D.3d 460, 462-63 (N.Y. App. Div. 1st Dep't 2010) (dismissing consequential damages claim for failure to allege such damages were "within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting" (citation omitted)).

Nevertheless, Ripka appears to assert in her opposition memorandum that resort to consequential damages is necessary because "[t]his case specifically involves loss of interest for failure to pay a timely claim" and argues Peerless "should not simply be allowed to retain payment amounts indefinitely without [c]ompensation for loss of use of funds." Pl.'s Opp'n Mem. at 4. But "[u]nder New York law, a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right." Quincy Mut. Fire Ins. Co. v. N.Y. Cent. Mut. Fire Ins. Co., —F. Supp. 3d—, No. 3:12-CV-1041 (DEP), 2014 WL 7929403, at *17 (N.D.N.Y. Mar. 31, 2014) (Peebles, M.J.) (citations and internal quotation marks omitted).

Ripka's further claim that she suffered "distress, aggravation and inconvenience" as a result of Peerless's delays and denial, Compl. ¶ 49, and is therefore entitled to "emotional damages as well as paid [*sic*] and suffering," is also misplaced.[5] Pl.'s Mem. Opp'n at 4.[6] "Under New York law, damages for emotional distress are unavailable in a breach of contract action, at least in the absence of demonstrable physical injury." Franklin v. Liberty Mut. Ins., Co., No. 08 CIV. 7120 DAB DF, 2010 WL 5758984, at *3 (S.D.N.Y. Oct. 22, 2010) (Report & Recommendation), adopted by No. 08 CIV. 7120 DAB, 2011 WL 476613 (S.D.N.Y. Feb. 9, 2011); see also Trikas v. Univ. Card Servs. Corp., 351 F. Supp. 2d 37, 46 (E.D.N.Y. 2005)

---

[5] Ripka also suggests consequential damages are available because she alleged a breach of the covenant of good faith and fair dealing. Pl.'s Mem. at 3. But "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 81 (2d Cir. 2002).

[6] Ripka filed an affidavit in opposition to this motion that seeks to add some slight detail to her factual allegations. But a district court considering a motion to dismiss "must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991). Accordingly, plaintiff's affidavit will not be considered.

("Under New York law, . . . mental distress / emotional damages . . . are not available for a breach of contract claim." (citations omitted)); Geler v. Nat'l Westminster Bank USA, 770 F. Supp. 210, 215 (S.D.N.Y. 1991) ("[E]motional distress is not a proper item of damages for breach of contract, even if the contract was breached in bad faith.").

New York does not recognize an independent tort for the bad faith denial of insurance coverage, and Ripka has not offered any other independent tort basis on which to base liability for this alleged mental distress. See, e.g., Polidoro v. Chubb Corp., 354 F. Supp. 2d 349, 352 (S.D.N.Y. 2005) ("Plaintiff's claim for bad-faith conduct in handling insurance claims is not legally-cognizable under New York law."); USAlliance Fed. Credit Union v. CUMIS Ins. Soc'y, Inc., 346 F. Supp. 2d 468, 470 (S.D.N.Y. 2004) ("Plaintiff's claim for bad faith denial of coverage is crafted as an independent cause of action in its complaint but, as the Defendant correctly points out, an independent tort action for bad faith denial of insurance coverage is not recognized in New York."); Rakylar v. Washington Mut. Bank, 51 A.D. 3d 995, 996 (N.Y. App. Div. 2d Dep't 2008) ("[A]bsent a duty upon which liability can be based, there is no right of recovery for mental distress resulting from the breach of a contract-related duty."); Royal Indem. Co. v. Salomon Smith Barney, Inc., 308 A.D.2d 349, 350 (N.Y. App. Div. 1st Dep't 2003) ("Allegations that an insurer had no good faith basis for denying coverage are redundant to a cause of action for breach of contract based on the denial of coverage, and do not give rise to an independent tort cause of action, regardless of the insertion of tort language into the pleading.").

And even assuming Ripka's claims for consequential damages were otherwise sufficiently pleaded, they must still be dismissed. Claims for special damages "must be fully and accurately stated, with sufficient particularity to identify actual losses . . . . [and] a general

allegation of a dollar amount . . . will not suffice." Ebrahimian v. Nationwide Mut. Fire Ins. Co., 960 F. Supp. 2d 405, 418 (E.D.N.Y. 2013).  Plaintiff has failed to allege any detail beyond a dollar amount here.  Id. (surveying New York case law on special damages and concluding that a party's "general plea for consequential and special damages" was insufficient as a matter of law because plaintiff simply requested a dollar amount); Motif Const. Corp. v. Buffalo Sav. Bank, 50 A.D. 2d 718, 719 (N.Y. App. Div. 4th Dep't 1975) (noting plaintiff failed to particularly allege consequential damages); see also FED. R. CIV. P. 9(g) ("If an item of special damage is claimed, it must be specifically stated.").

In sum, Ripka has not pleaded specific facts capable of showing that consequential damages, beyond the limits of the Homeowner's Policy, were reasonably contemplated by the parties, or that they considered, at the time of contracting, that consequential damages would be available in the event of a delay in payment or other breach of the policy.  Nor has she offered sufficient allegations to explain the nature or degree of the emotional distress she alludes to or even why damages stemming from this injury should be available as a result of Peerless's alleged non-payment under the Homeowner's Policy.  Finally, plaintiff has failed to offer sufficiently particularized detail regarding what her special damages might be. Accordingly, plaintiff's claim for consequential damages will be dismissed.

### D. Punitive Damages

Peerless also argues Ripka has failed to state a cause of action warranting the imposition of punitive damages.  "[T]he standard for awarding punitive damages in first-party insurance actions is 'a strict one,' and this extraordinary remedy will be available 'only in a limited number of instances.'"  Ebrahimian, 960 F. Supp. 2d 417-18 (quoting Rocanova v. Equitable Life Assur. Soc. of U.S., 634 N.E.2d 940, 944 (N.Y. 1994)).  Indeed, "[a]llegations

of breach of an insurance contract, even a breach committed willfully and without justification, are insufficient to authorize recovery of punitive damages." Sweazey v. Merchants Mut. Ins. Co., 169 A.D.2d 43, 46 (N.Y. App. Div. 2d Dep't 1991) (citations omitted).

However, under New York law, punitive damages may be recoverable in a breach of contract action if necessary to vindicate a public right. Rocanova, 634 N.E.2d at 944. Therefore, a properly pleaded punitive damages claim requires allegations tending to show that: (1) defendant's conduct was actionable as an independent tort; (2) the tortious conduct must be "gross," "morally reprehensible," or of "such wanton dishonest as to imply a criminal indifference to civil obligations"; (3) the conduct was directed at plaintiff; and (4) it was part of a pattern directed at the public generally. New York Univ. v. Cont'l Ins. Co., 662 N.E.2d 763 (1995).

Ripka's complaint, which focuses entirely on Peerless's alleged failure to timely pay her claim under the Homeowner's Policy, fails to plausibly allege that Peerless's conduct is actionable as an independent tort, that its actions were so "morally reprehensible" as to imply "criminal indifference," or even how, beyond conclusory assertions of public harm, Peerless's actions were part of a pattern directed at the general public. Rather, plaintiff's complaint is focused on a private insurance dispute over the proper payment of a claim under the Homeowner's Policy.

"Where a lawsuit has its genesis in the contractual relationship between the parties, the threshold task for a court considering defendant's motion to dismiss a cause of action for punitive damages is to identify a tort independent of the contract." N.Y. Univ. v. Continental Ins. Co., 662 N.E.2d 763, 768 (N.Y. 1995). In other words, "where a party is merely seeking

to enforce its bargain, a tort claim will not lie." Id. (citations omitted). Such is the case here. Accordingly, plaintiff's claim for punitive damages will be dismissed.

### E. Leave to Amend

Finally, Ripka cites to a provision of New York's Civil Practice Law & Rules to argue that "if the complaint is lacking some minor detail, then the appropriate remedy is to allow the filing of an amended complaint." Pl.'s Mem. Opp'n at 7. Of course, federal procedural rules govern the parties' conduct in federal court, even in diversity cases such as this. Notably, however, this District's local rules requires a party seeking leave to amend a pleading to "attach an unsigned copy of the proposed amended pleading to its motion papers." N.D.N.Y.L.R. 7.1(a)(4). Plaintiff has not done so here. Accordingly, this request is denied.

## V. CONCLUSION

Ripka cannot state a claim under the provisions of 11 N.Y.C.R.R. § 216, which do not give rise to any private causes of action. Nor has she sufficiently stated a claim under N.Y. Gen. Bus. Law § 349, since her dispute is merely a private one over Peerless's alleged non-payment of her claim under the Homeowner's Policy. Finally, plaintiff has failed to plausibly allege her entitlement to consequential or punitive damages. However, plaintiff's breach of contract claim remains viable.

Therefore, it is

ORDERED that

1. Peerless's partial motion to dismiss plaintiff's complaint is GRANTED;

2. Ripka's claims brought pursuant to 11 N.Y.C.R.R. § 216 are DISMISSED;

3. Ripka's claims brought pursuant to N.Y. Gen. Bus. Law § 349 are DISMISSED;

4. Ripka's claim for consequential damages is DISMISSED;

5. Ripka's claim for punitive damages is DISMISSED; and

6. Peerless is ordered to file an answer to Ripka's breach of contract claim within ten (10) days of the date of this decision.

IT IS SO ORDERED.

_____
United States District Judge

Dated: May 26, 2015.
       Utica, New York.